FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 05, 2026

SEAN F. McAVOY, CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MELODY H., | No. 4:25-CV-05070-ACE |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION |
| v. | |
| FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY, | **ECF Nos. 12, 16** |
| Defendant. | |

**BEFORE THE COURT** is Plaintiff's Opening Brief and Defendant's Brief in response. ECF No. 12, 16. Attorney Chad Hatfield represents Plaintiff; Special Assistant United States Attorney Sarah Moum represents Defendant. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion and **DENIES** Plaintiff's Motion.

### JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income in December 2020, alleging a disability onset date of February 17, 2016. Tr. 366, 368. The applications were denied initially and upon reconsideration. Administrative Law Judge (ALJ) Jesse Shumway held a hearing on April 18, 2024, Tr. 39-77, and issued an unfavorable decision on June 6, 2024, Tr. 17-32. The Appeals Council denied Plaintiff's request for review on April 17, 2025, Tr. 1-6, making the ALJ's decision the Commissioner's final

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

decision for purposes of judicial review, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on June 18, 2025.  ECF No. 1.

## STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).  If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).  If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).  Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520(a),

416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987).  In steps one through four the claimant bears the burden of establishing a prima facie case of disability.  *Tackett*, 180 F.3d at 1098-1099.  This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show: (1) that Plaintiff can perform other substantial gainful activity; and (2) that a significant number of jobs exist in the national economy which Plaintiff can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1497-1498 (9th Cir. 1984); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).  If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On June 6, 2024, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.  Tr. 17-32.

At step one, the ALJ found Plaintiff, who met the insured status requirements of the Social Security Act through June 30, 2021, had not engaged in substantial gainful activity since the alleged onset date, February 17, 2016.  Tr. 20.

At step two, the ALJ determined Plaintiff had the following severe impairments:  seizure disorder, supraventricular tachycardia, depressive disorder, anxiety disorder, post-traumatic stress disorder, and alcohol use disorder.  *Id*.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  Tr. 21.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform light work, with the following limitations:

> [Plaintiff] can occasionally climb ladders, ropes, and scaffolds, and can frequently perform all other postural activities; she cannot have

concentrated exposure to hazards, such as unprotected heights and moving mechanical parts; she is limited to simple, routine, repetitive tasks; she can have only occasional, superficial interaction with the public, supervisors, and coworkers; and she requires a routine, predictable work setting with clear, employer-set goals and no more than occasional changes.

Tr. 24.

At step four, the ALJ found Plaintiff was unable to perform any past relevant work. Tr. 31.

At step five, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that exist in significant numbers in the national economy, including the jobs of housekeeping, cleaner; small products assembler; and office helper. Tr. 31-32.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date, February 17, 2016, through the date of the decision, June 6, 2024. Tr. 32.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff raises the following issues for review:  (1) whether the ALJ properly evaluated the medical opinion evidence; (2) whether the ALJ properly evaluated Plaintiff's subjective limitations; and (3) whether the ALJ conducted a proper step-five analysis.  ECF No. 12 at 5.

## DISCUSSION

### A.    Medical Opinion Evidence

Plaintiff first asserts the ALJ erred by improperly evaluating the medical opinion evidence.  ECF No. 12 at 6-17.  Plaintiff specifically contends the ALJ

erred by rejecting the opinions of (1) examining psychologist Patrick Metoyer, Ph.D., (2) examining psychologist Kenneth Cole, Psy.D., (3) examining psychologist David Morgan, Ph.D., and (4) reviewing psychologist Renee Eisenhauer, Ph.D.  ECF No. 12 at 6-17.

For claims filed on or after March 27, 2017, the ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources.  20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b).  The factors for evaluating the persuasiveness of medical opinions and prior administrative findings include supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program).  20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

Supportability and consistency are the most important factors, and the ALJ must explain how both factors were considered.  20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).  The ALJ may explain how she considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record.  *Id.*  Supportability and consistency are explained in the regulations:

> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

> (2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2).

The Ninth Circuit addressed the issue of whether the 2017 regulatory framework displaced the longstanding case law requiring an ALJ to provide specific and legitimate reasons to reject an examining provider's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). The Court held that the new regulations eliminate any hierarchy of medical opinions, and the specific and legitimate standard no longer applies. *Id.* at 788-789, 792. The Court reasoned the "relationship factors" remain relevant under the new regulations, and thus the ALJ can still consider the length and purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical source has performed or ordered from specialists, and whether the medical source has examined the claimant or merely reviewed the claimant's records. *Id.* at 790, 792. An ALJ must provide an explanation, supported by substantial evidence, when rejecting a medical provider's opinion as unsupported or inconsistent. *Id.* at 792.

### 1. Dr. Metoyer

On May 1, 2022, Dr. Metoyer completed a mental evaluation of Plaintiff. Tr. 1085-1089. Dr. Metoyer opined that Plaintiff's ability to interact with coworkers and the public is likely "moderately to markedly impaired" due to anxiety, PTSD, mood symptoms, and a tendency to isolate herself from others; her ability to maintain regular attendance in the workplace is "moderately to markedly impaired;" her ability to complete a normal workday or work week without interruption from anxiety, PTSD, and mood symptoms is likely "moderately to markedly impaired;" and her ability to deal with the usual stress encountered in the workplace is "moderately to markedly impaired" if it involves persistent activity interacting with other individuals. Tr. 1089.

The ALJ found Dr. Metoyer's opinion "somewhat persuasive," but indicated that because it was vague, it provided little assistance in assessing Plaintiff's RFC. Tr. 29. With respect to the vagueness determination, the ALJ specified that Dr.

Metoyer opined a range of severity spanning moderate, which would typically not be disabling, to marked, which would typically be disabling, but provided no further quantification or elaboration to help the ALJ choose between these two levels of impairment.  Tr. 29.  The ALJ found the opinion persuasive only to the extent that it assessed moderate limitations because the mental status examination revealed few, modest deficits, nothing in the evaluation supported marked limitations, and a finding of moderate limitations was consistent with similar observations in the longitudinal record.  Tr. 29.

The Court agrees with the ALJ's conclusion that Dr. Metoyer's assessment is vague because it failed to identify specific degrees of impairment or elaborate regarding the range of severity.  *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (finding a lack of specificity regarding functional limits is a proper reason to discount an opinion); *Christopher L. v. Comm'r of Soc. Sec.*, 2023 WL 3168615 at *3 (W.D. Wash. 2023) (holding an ALJ's findings with respect to vagueness of a medical provider's conclusions pertain to the supportability of the opinion because they address the relevance of the medical provider's explanation).

Contrary to Plaintiff's argument, a finding of "marked" limitations based on Dr. Metoyer's examination is not supported by the examination findings or the weight of the record evidence.  Although mood abnormalities were identified,[1] the mental status examination was essentially normal, and Plaintiff displayed no difficulty in interacting with the medical provider.  Tr. 1087-1088.  Moreover, as indicated by the ALJ, moderate limitations, not marked limitations, would align with similar observations throughout the longitudinal record.  Tr. 29 citing Tr. 852-918; 965-1069; 1104-1121.  While Plaintiff requests a different interpretation of Dr. Metoyer's report, it is not the role of this Court to second-guess the

---

[1]Plaintiff's mood was described as "anxious, sad, down, depressed," with congruent affect.  Tr. 1087.

ORDER GRANTING DEFENDANT'S MOTION . . . - 7

Commissioner.  *See Lewis v. Astrue,* 498 F.3d 909, 911 (9th Cir. 2007) ("[I]f evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld."); *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

Plaintiff also asserts Dr. Metoyer's opinion is confirmed by Plaintiff's testimony.  ECF No. 12 at 10.  However, as determined in Section B below, the ALJ's rejection of Plaintiff's subjective complaints is supported by substantial evidence and free of legal error.  *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (a physician's opinion may be disregarded when it is premised on the properly rejected subjective complaints of Plaintiff).

The Court finds the ALJ correctly determined that Dr. Metoyer's opinion suggesting marked limitations lacked persuasive value.

### 2. Dr. Cole

On December 7, 2020, Dr. Cole completed a Psychological/Psychiatric Evaluation of Plaintiff.  Tr. 835-839.  Plaintiff reported to Dr. Cole that she quit her job three years prior because she got sick, COVID had made it difficult to find a job, her anxiety was a barrier to finding work, and not having a cell phone made it difficult to find work.  Tr. 835.  Dr. Cole opined Plaintiff would have marked limitations in the following basic work activities:  (1) performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances without special supervision; (2) completing a normal work day and work week without interruptions from psychologically based symptoms; and (3) setting realistic goals and planning independently.  Tr. 838.

The ALJ found the report of Dr. Cole "not persuasive."  Tr. 30.  The ALJ noted the check-box form provided no explanation for each rating,[2] and the

---

[2]Although the Ninth Circuit stated in a footnote that there is no authority that a "check-the-box" form is any less reliable than any other medical form, *Trevizo v. Berryhill*, 871 F.3d 664, 677 n. 4 (9th Cir. 2017), the Ninth Circuit has consistently

assessed marked limitations were not well supported by the examination findings which were almost entirely normal. Tr. 30. The ALJ additionally indicated that because the Personality Assessment Inventory ("PAI") administered by Dr. Cole suggested Plaintiff "may not have answered in a completely forthright manner," the test results were unlikely to be an accurate reflection of Plaintiff's objective clinical status. Tr. 30, 840. The ALJ concluded the opinion was inconsistent with the longitudinal record, which shows normal mental status examinations, and was inconsistent with Plaintiff's ability to follow through and complete her anger management course. Tr. 30.

Given the PAI administered by Dr. Cole suggested Plaintiff was not forthright on exam, Tr. 840, the Court agrees with the ALJ's determination that Plaintiff's subjective reports in the evaluation could not be relied upon. Tr. 30. Other than the unreliable subjective complaints of Plaintiff, there is no other basis for marked limitations because Dr. Cole's examination findings were almost all entirely normal. Tr. 30 citing Tr. 841-842 (abstract thought is the only area marked as not within normal limits). Furthermore, the ALJ again correctly notes that an assessment of marked limitations was not consistent with the longitudinal record, which shows normal mental status examinations, as well as Plaintiff's ability to complete an anger management course. Tr. 30 citing Tr. 852-918; 965-1069; 1104-1121. The ALJ's assessment of Dr. Cole's report is supported by substantial evidence and free of legal error.

---

held that individual medical opinions are preferred over check-box reports, *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996); *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001) (holding "the regulations give more weight to opinions that are explained than to those that are not"). An ALJ's rejection of a check-box report that does not contain an explanation of the bases for the conclusions made is permissible, *Crane*, 76 F.3d at 253.

ORDER GRANTING DEFENDANT'S MOTION . . . - 9

1          *3.  Dr. Morgan*

2          On January 23, 2020, Dr. Morgan completed a Psychological/Psychiatric

3    Evaluation of Plaintiff.  Tr. 829-833.  Dr. Morgan assessed mild to moderate

4    limitations in 12 of 13 categories of basic work activities.  Tr. 831.  He opined that

5    Plaintiff had a marked limitation in her ability to complete a normal workday and

6    workweek without interruptions from psychologically based symptoms but noted

7    the length of time Plaintiff would be impaired with available treatment as only nine

8    months.  *Id*.  Dr. Morgan also noted in a disclaimer that the sole purpose of the

9    evaluation was to assess Plaintiff's ability to engage in gainful employment based

10   on DSHS criteria only and the use of the exam for any other purpose would be

11   inappropriate as contrary to the intent of the evaluation.  Tr. 832.

12         The ALJ found Dr. Morgan's report "not persuasive."  Tr. 29.  The ALJ

13   noted the report expressly disclaimed usefulness for any purpose other than DSHS

14   disability evaluation and stated the use of the evaluation for any other purpose was

15   "inappropriate."  Tr. 29, 832.  The ALJ also found the opinion poorly supported

16   and inconsistent with the evidence of record:  with respect to the marked limitation

17   in Plaintiff's ability to complete a normal workday, the objective findings were

18   entirely normal and there was no examination finding related to the ability to

19   complete a workday or workweek.  Tr. 30.  The ALJ determined the assessed

20   marked limitation was unsupported because there was no evidence Plaintiff would

21   be unable to complete a workday/workweek and inconsistent given Plaintiff's

22   ability to be present for her mother post-surgery, complete her anger management

23   course, and actively seek employment.  Tr. 30.

24         The Court finds the ALJ reasonably adopted Dr. Morgan's own disclaimer

25   that his report was not intended to be used for any purpose other than DSHS

26   disability "pertaining to eligibility for ABD/HEN or IANF/Workfirst programs

27   ONLY."  Tr. 29-30 citing Tr. 832.  As stated by the ALJ, "reliance on this report in

28   Social Security Administrative proceedings [is] inappropriate.  Tr. 29-30.

ORDER GRANTING DEFENDANT'S MOTION . . . - 10

Moreover, Dr. Morgan found that Plaintiff's mental limitations would not meet the duration requirements of the Act (one year), instead finding that they were only expected to last nine months, Tr. 831.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Nevertheless, the marked limitation finding of Dr. Morgan was not supported by the examination as the objective findings were normal (other than a notation of an anxious mood) and there were no findings related to the ability to complete a normal workday or workweek, Tr. 832-833.  *Tonapetyan*, 242 F.3d at 1149 (an ALJ may discredit a physician's opinion that is unsupported by rationale or treatment notes and offers no objective medical findings to support the existence of alleged conditions).  In addition, the ALJ again correctly noted that a marked limitation was not consistent with the longitudinal record, which shows normal mental status examinations, as well as Plaintiff's ability to care for her mother post-surgery, complete an anger management course, and seek employment.  Tr. 30 citing Tr. 852-918; 965-1069; 1104-1121.  Because Dr. Morgan's assessment was inconsistent with the normal objective findings on exam, unsupported by an explanation, and inconsistent with the weight of the record evidence, the Court finds the ALJ correctly determined that Dr. Morgan's opinion lacked persuasive value.

> ### 4.  Dr. Eisenhauer

On December 9, 2020, Dr. Eisenhauer completed a "Review of Medical Evidence" form.  Tr. 825-827.  Based solely on a review of the reports of Drs. Cole and Morgan, Dr. Eisenhauer opined that Plaintiff had marked limitations in the following work abilities:  (1) performing activities within a schedule, maintaining regular attendance and being punctual within customary tolerances; (2) completing a normal workday and workweek without interruptions from psychologically based symptoms; and (3) setting realistic goals and planning independently.  Tr. 826.

///

///

1    The ALJ found the reviewer's opinion "not persuasive" for the same reasons

2   provided for the evaluations upon which it is based.  Tr. 30.  Dr. Eisenhauer only

3   viewed the two reports, did not examine Plaintiff, and did not have full access to

4   the record evidence.  The ALJ determined the assessed limitations were

5   inconsistent with the normal mental status examinations, as stated above, and

6   Plaintiff's ability to assist others with caretaking and household tasks.  Tr. 30.

7    Because Dr. Eisenhauer's report is based only on the reports of Drs. Cole

8   and Morgan, and the undersigned finds that the ALJ's conclusion that the reports

9   of Drs. Cole and Morgan lack persuasiveness is supported by substantial evidence,

10   *see supra*, the ALJ's finding that Dr. Eisenhauer's report is unsupported and

11   inconsistent is also fully supported.  *See Sousa v. Callahan*, 143 F.3d 1240, 1244

12   (9th Cir. 1998).  The Court finds the ALJ correctly found that Dr. Eisenhauer's

13   opinion is not persuasive.

14    Based on the foregoing, the Court finds Plaintiff has failed to demonstrate

15   that the ALJ improperly evaluated the medical opinion evidence of record.

16   Plaintiff is not entitled to remand on this issue.

17   **B.    Plaintiff's Symptom Claims**

18    Plaintiff contends the ALJ also erred by improperly rejecting Plaintiff's

19   subjective complaints.  ECF No. 12 at 17-19.

20    It is the province of the ALJ to make determinations regarding a claimant's

21   subjective statements.  *Andrews,* 53 F.3d at 1039.  However, the ALJ's findings

22   must be supported by specific, cogent reasons.  *Rashad v. Sullivan*, 903 F.2d 1229,

23   1231 (9th Cir. 1990).  Once the claimant produces medical evidence of an

24   underlying medical impairment, the ALJ may not discredit testimony as to the

25   severity of an impairment merely because it is unsupported by medical evidence.

26   *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).  Absent affirmative evidence

27   of malingering, the ALJ's reasons for rejecting the claimant's testimony must be

28   "specific, clear and convincing."  *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir.

1995).  "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993); *see also Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) ("Ultimately, the 'clear and convincing' standard requires an ALJ to show [their] work[.]").  Thus, to satisfy the substantial evidence standard, the ALJ must provide specific, clear, and convincing reasons which explain why the medical evidence is *inconsistent* with the claimant's subjective symptom testimony.  *Ferguson v. O'Malley*, 95 F.4th 1194, 1200 (9th Cir. 2024) (emphasis in original).

Here, the ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record.  Tr. 25.

### 1. Objective Medical Evidence

The ALJ first found that the objective medical evidence of record did not support the degree of limitation alleged by Plaintiff.  Tr. 25-26.

An ALJ may not discredit a claimant's symptom testimony and deny benefits solely because the degree of the symptoms alleged is not supported by objective medical evidence.  *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-347 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989); *Burch,* 400 F.3d at 680.  However, the objective medical evidence is a relevant factor, along with the medical source's information about the claimant's pain or other symptoms, in determining the severity of a claimant's symptoms and their disabling effects.  *Rollins*, 261 F.3d at 857; 20 C.F.R. § 416.929(c)(2).

///

///

ORDER GRANTING DEFENDANT'S MOTION . . . - 13

Here, the ALJ noted physical examinations were entirely normal, did not observe the claimant in distress, and reported normal gait, strength, and neurological function.  Tr. 25.  Although Plaintiff has a significant history with alcohol use disorder and has sought care for complications related to withdrawal on multiple occasions, the record reflects greatly reduced alcohol intake since her 2016 and 2017 withdrawal episodes.  Tr. 25.  The ALJ determined the mental status examinations were also largely normal, with no more than modest deficits observed.  Tr. 26.  While there are some observations of unstable, depressed and anxious mood, on most occasions Plaintiff attributes her mood to situational factors and, outside of these situations, Plaintiff's mood is described as euthymic, normal, positive, and forward-looking.  Tr. 26.

Plaintiff did not specifically challenge the ALJ's reference to unremarkable objective medical evidence that contradicted Plaintiff's claims of debilitating limitations with respect to her credibility assertion.  *See* ECF No. 12 at 17-19.  Nevertheless, the Court finds the objective medical evidence of record, as discussed above, does not support the degree of limitation alleged by Plaintiff in this case, and, therefore, this was a valid, clear and convincing reason to discount Plaintiff's subjective complaints.

*2. Inconsistencies*

The ALJ also discounted Plaintiff's symptom claims based on inconsistent statements.  Tr. 26-27.

An ALJ may consider inconsistencies in a claimant's testimony or inconsistencies between a claimant's testimony and conduct when assessing subjective complaints.  *Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007); *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002) (inconsistencies in a claimant's testimony may be used to discredit subjective complaints); *Fair*, 885 F.2d at 604 n.5 (an ALJ can reject pain testimony based on contradictions in a plaintiff's testimony).

Plaintiff asserts the ALJ did not specify any inconsistencies. ECF No. 12 at 18. The undersigned disagrees. The ALJ indicated that, inconsistent with Plaintiff's claim of debilitating limitations, Plaintiff stated on March 15, 2022, that she had obtained a job[3] and described it as a positive thing because she was able to socialize and support herself. Tr. 26, 964. The ALJ also noted, inconsistent with disability assertions, Plaintiff reported she was stable on her medications, Tr. 800, 880, 1045, was able to manage her anxiety with medication, Tr. 998 ("anxiety and depression are fairly low"), and was doing "fairly well," Tr. 1052. Tr. 26.

Plaintiff's briefing asserts the fact that Plaintiff sought work out of a financial necessity is not inconsistent with a claim for disability. ECF No. 12 at 19; ECF No. 20 at 9. However, employment performed "during any period" of claimed disability may be probative of a claimant's ability to work at the substantial gainful activity level. 20 C.F.R. §§ 404.1571, 416.971. The Ninth Circuit has determined that seeking employment after the alleged disability onset date may be a factor in an ALJ's credibility determination. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) (finding the ALJ properly discounted a claimant's testimony because she recently worked as a personal caregiver and had since sought out other employment).

The ALJ's reference to inconsistencies is supported by substantial evidence, and this was an additional clear and convincing reason to discount Plaintiff's symptom claims.

### 3. Possible Malingering or Exaggeration

The ALJ also noted the record contains evidence of possible malingering or exaggeration. Tr. 27

---

[3]Plaintiff reported on May 26, 2020, that getting a job is what would reduce her symptoms the most and that she was applying for jobs, actively seeking work, and "forward looking." Tr. 26, 1052-1054.

ORDER GRANTING DEFENDANT'S MOTION . . . - 15

An ALJ's finding of malingering is sufficient to support an adverse credibility determination under Ninth Circuit jurisprudence. *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003); *see e.g. LaGrand v. Commissioner Social Sec. Admin.*, 379 Fed. Appx. 555, 556 (9th Cir. 2010) (citing *Benton* for the proposition that "[t]he ALJ was entitled to reject LaGrand's testimony because there was evidence of malingering"); *Flores v. Commissioner of Social Security*, 237 Fed. Appx. 251, 252-253 (9th Cir. 2007) (citing *Benson* for the proposition that "an ALJ may reject a claimant's subjective pain testimony if the record contains affirmative evidence of malingering"). A claimant's tendency to exaggerate may also support an ALJ's decision to discredit a claimant's statements. *Tonapetyan*, 242 F.3d at 1148.

Although the ALJ did not specifically conclude that Plaintiff was malingering in this case, the ALJ noted the PAI administered by Dr. Cole on December 7, 2020, suggested Plaintiff "may not have answered in a completely forthright manner" leading to a somewhat inaccurate impression. Tr. 840. There were indications suggesting Plaintiff tended to portray herself in an especially negative or pathological manner, and Dr. Cole noted some deliberate distortion of the clinical picture may be present. Tr. 840. Dr. Cole concluded the test results potentially involve considerable distortion and are unlikely to be an accurate reflection of Plaintiff's objective clinical status. *Id*.

The undersigned finds the ALJ appropriately noted this evidence of possible malingering or exaggeration when considering Plaintiff's symptom testimony. Tr. 27.

### 4. Course of Treatment

The ALJ additionally noted Plaintiff's course of treatment had been routine and conservative and was not consistent with disability-level severity. Tr. 27.

///

///

Evidence of "conservative treatment" is sufficient to discount a claimant's testimony regarding severity of an impairment. *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007); *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995) (conservative treatment suggests a lower level of both pain and functional limitation).

Plaintiff, citing a Fourth Circuit case, asserts the fact that Plaintiff received medication management and mental health counseling is "anything but conservative." ECF No. 12 at 18; ECF No. 20 at 8 citing *Shelley C. v. Commissioner of Social Sec. Admin.*, 61 F.4th 341, 363-364 (4th Cir. 2023). However, unlike the claimant in *Shelley C.*, Plaintiff's mental health counseling was infrequent and sporadic[4] and Plaintiff's medication management[5] appears to have stabilized her symptoms. Although Plaintiff claims she only missed mental health appointments because of her symptoms, ECF No. 12 at 18; ECF No. 20 at 9-9, there is nothing in the record that shows she missed appointments because of anxiety or other symptoms and, in any event, her therapist had offered Plaintiff telephonic sessions.

Plaintiff's conservative treatment is another clear and convincing reason, supported by substantial evidence, to discount her symptom claims.

///

///

---

[4]As indicated by the ALJ, Plaintiff engaged in minimal mental health counseling, with only one session documented in the two years prior to the ALJ's decision, and, before that, it was infrequent and sporadic, often going months between sessions. Tr. 27. The ALJ specifically noted a gap in psychiatry treatment from March 2022 to October 2023. Tr. 27.

[5]The medication management was not sufficient to abate Shelley C.'s symptoms, which appeared to be worsening. *Shelley C.*, 61 F.4th at 364.

ORDER GRANTING DEFENDANT'S MOTION . . . - 17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 5.  Activities of Daily Living

Finally, the ALJ indicated Plaintiff's disability allegations were inconsistent with her high-functioning activities of daily living.  Tr. 27.

An ALJ may consider a claimant's activities that undermine reported symptoms.  *Rollins*, 261 F.3d at 857.  If a claimant can spend a substantial part of the day engaged in pursuits involving the performance of exertional or non-exertional functions, the ALJ may find these activities inconsistent with the reported disabling symptoms.  *Fair*, 885 F.2d at 603; *Molina v. Astrue,* 674 F.3d 1104, 1113 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 416.902(a).  "While a claimant need not vegetate in a dark room in order to be eligible for benefits, the ALJ may discount a claimant's symptom claims when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting" or when activities "contradict claims of a totally debilitating impairment."  *Molina*, 674 F.3d at 1112-13.  "Only if the level of activity is inconsistent with Claimant's claimed limitations" do daily "activities have any bearing on Claimant's credibility."  *Ferguson,* 95 F.4th at 1203 (quoting *Reddick*, 157 F.3d at 722).

Plaintiff asserts the ALJ failed to identify any activities that were inconsistent with Plaintiff's disabling allegations.  ECF No. 12 at 18; ECF No. 20 at 9, 10.  On the contrary, the ALJ noted multiple activities of daily living, in addition to Plaintiff obtaining a job, which demonstrate Plaintiff can function in excess of her reported limitations:  she lives alone, cares for her brother, cleans her home, does housework and yardwork for a friend, walks her dog, does laundry, pulls weeds, washes her dishes, goes shopping in stores, visits with family or friends for one to two months at a time, manages her finances, walks "a lot" to get fresh air, takes care of her mom, works outside alongside a friend, hangs out with her sister and best friend doing yard work, and had completed an anger management course.  Tr. 27-28.

Plaintiff's documented activities of daily living provide another clear and convincing reason, supported by substantial evidence, to discount Plaintiff's symptom claims.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The Court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ even if it might justifiably have reached a different result upon *de novo* review. 42 U.S.C. § 405(g).

After reviewing the record, and based on the foregoing, the Court finds that the ALJ provided clear and convincing reasons, which are fully supported by the record, for finding Plaintiff's symptom allegations were not entirely credible in this case. Plaintiff is not entitled to remand on this issue.

**C.    Step-Five**

Plaintiff contends the ALJ also failed to meet his burden at step-five. ECF No. 12 at 19-21.

Plaintiff first argues, citing *Leitz v. Kijakazi*, 2023 WL 4342114 at *2 (9th Cir. July 5, 2023),[1] that the ALJ's limitation of Plaintiff to occasional interaction

---

[1]In *Leitz*, the ALJ held that the claimant "can have brief, superficial interaction with co-workers and the public; and can have occasional interaction with supervisors (although additional time for training is acceptable)." *Leitz*, 2023 WL 4342114 at *2. The Ninth Circuit determined that the "training-period caveat" was not supported by the record, and that there was no evidence that the claimant's mental problems were "somehow alleviated during training periods because they are less likely to include supervisor interactions than other work periods, or that employers would be willing to tolerate her limitations during training periods." *Id*.

ORDER GRANTING DEFENDANT'S MOTION . . . - 19

1   with supervisors bars all job training and, consequently, precludes all competitive

2   employment. ECF No. 12 at 19-20. The undersigned does not agree with the

3   proposition that a limitation to occasional interaction with supervisors is *per se*

4   disabling. See *Justin P. v. O'Malley*, 2024 WL 1559545 at *7-8 (E.D. Wash. April

5   10, 2024) (the Court applied Leitz and determined that the ALJ did not err).

6        Plaintiff next asserts the vocational expert testimony relied upon by the ALJ

7   was without evidentiary value because it was provided in response to an

8   incomplete hypothetical that failed to account for all of Plaintiff's limitations. ECF

9   No. 12 at 20-21.

10       At step five of the sequential evaluation analysis, the burden shifts to the

11  Commissioner to establish that 1) the claimant can perform other work, and 2)

12  such work "exists in significant numbers in the national economy." 20 C.F.R. §

13  416.960(c)(2); *Beltran*, 700 F.3d at 389. In assessing whether there is work

14  available, the ALJ must rely on complete hypotheticals posed to a vocational

15  expert. *Nguyen v. Chater,* 100 F.3d 1462, 1467 (9th Cir. 1996). The ALJ's

16  hypothetical must be "based on medical assumptions supported by substantial

17  evidence in the record that reflects all the claimant's limitations." *Osenbrock v.*

18  *Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001). The hypothetical should be "accurate,

19  detailed, and supported by the medical record." *Tackett*, 180 F.3d at 1101. The

20  hypothetical that ultimately serves as the basis for the ALJ's determination, *i.e.*, the

21  hypothetical that is predicated on the ALJ's final RFC assessment, must account

22  for all the limitations and restrictions of the claimant. *Bray*, 554 F.3d at 1228.

23       The ALJ's RFC need only include those limitations found credible and

24  supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211,1217 (9th

25  Cir. 2005) ("The hypothetical that the ALJ posed to the VE contained all of the

26  limitations that the ALJ found credible and supported by substantial evidence in

27  the record."). "If an ALJ's hypothetical does not reflect all of the claimant's

28  limitations, then the expert's testimony has no evidentiary value to support a

ORDER GRANTING DEFENDANT'S MOTION . . . - 20

finding that the claimant can perform jobs in the national economy." *Id*. However, the ALJ "is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence." *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006). Therefore, the ALJ is not bound to accept as true the restrictions presented in a hypothetical question propounded by a claimant's counsel if they are not supported by substantial evidence. *Magallanes*, 881 F.2d at 756-757; *Martinez v. Heckler*, 807 F.2d 771, 773 (9th Cir. 1986). A plaintiff fails to establish that a step five determination is flawed by simply restating an argument that the ALJ improperly discounted certain evidence, when the record demonstrates the evidence was properly rejected. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-1176 (9th Cir. 2008).

Plaintiff contends the ALJ erred by relying on the vocational expert's response to an incomplete hypothetical. ECF No. 12 at 20-21. However, Plaintiff's argument assumes that the ALJ erred in his analysis of the medical opinion and other evidence. As addressed above, the ALJ properly evaluated the medical opinion evidence and properly discounted Plaintiff's symptom claims. *See supra*. The ALJ's RFC determination adequately addresses the medical opinions and other evidence in this record. Plaintiff's alternative interpretation of the evidence does not undermine the ALJ's analysis. The ALJ did not err in assessing Plaintiff's RFC or finding Plaintiff capable of performing work existing in the national economy based on that RFC determination. Plaintiff is not entitled to remand on this issue.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error and is affirmed. Accordingly, **IT IS HEREBY ORDERED**:

1.  Defendant's Motion to affirm, **ECF No. 16**, is **GRANTED**.

2.  Plaintiff's Motion to reverse, **ECF No. 12**, is **DENIED**.

ORDER GRANTING DEFENDANT'S MOTION . . . - 21

**IT IS SO ORDERED**.  The District Court Executive shall file this Order and provide copies to counsel.  **Judgment shall be entered for Defendant and the file shall be CLOSED**.

DATED February 5, 2026.



_____

ALEXANDER C. EKSTROM

UNITED STATES MAGISTRATE JUDGE